IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JASON M. ROWAN, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | No. 20-4041-JWL |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's "Motion For Appointment of Counsel." (Doc. 5). Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of a decision of the Commissioner of the Social Security Administration denying disability benefits. (Doc. 1). Plaintiff also filed, and the court granted, a Motion for Leave to Proceed In Forma Pauperis. (Docs. 3, 4).

Unlike a criminal case, a party in a civil case has no constitutional right to appointment of counsel. Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989). Pursuant to 28 U.S.C. § 1915(e), the court may in its discretion appoint counsel in a civil action to represent a person proceeding in forma pauperis who is unable to afford counsel. See Miller v. Glanz, 948 F.2d 1562, 1572 (10th Cir. 1991); 28 U.S.C. § 1915(e) ("The court may request an attorney to represent any person unable to afford

counsel."); see also Ekis v. Comm'r of Soc. Sec., Civ. A. No. 96-2418-JWL, 1996 WL 633850 (D. Kan. Oct. 28, 1996) (applying 28 U.S.C. § 1915(e) in a Social Security case).

In determining whether to appoint counsel, the district court should give careful consideration to all the circumstances, including whether the plaintiff has a colorable claim. Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004); Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). As the court in Hill noted, "'The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel.' McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985). 'Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned.' Id. at 839" (a prisoner with multiple sclerosis, diminished eyesight, hearing, and ability to communicate who attended court in a wheelchair and needed to present complex medical issues requiring expert opinion should have been appointed counsel).

If the court finds that the plaintiff has a colorable claim, the court should "consider the nature of the factual issues raised in the claims and ability of the plaintiff to investigate the crucial facts." Rucks, 57 F.3d at 979. The court should consider the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present her claims, and (4) the complexity of the legal issues raised by the claims. Id.; Hill, 393 F.3d at 1115; Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991) (citing Maclin v. Freake, 650 F.2d 885, 886 (7th Cir. 1981)). The court will also consider whether the plaintiff has made a

diligent attempt to secure counsel through his own efforts.   Castner v. Colo. Springs Cablevision, 979 F.2d 1417, 1420 (10th Cir. 1992) (applying the rule in a Title VII case pursuant to 42 U.S.C. § 2000e-5(f)(1)).

Since this case is a review of the Commissioner's decision on Plaintiff's application for benefits pursuant to the Social Security Act, the court is unable to determine whether Plaintiff's claim is colorable, and unable to consider the factors enumerated above until the Commissioner answers the complaint and files the administrative record herein.

Therefore, Plaintiff's motion is denied at this time without prejudice to refile a new motion in his own words (not merely the court's form motion), addressing the factors above in light of the facts and his representation before the Social Security Administration, if the plaintiff continues to desire appointment of counsel after the Commissioner files his answer along with the administrative record pursuant to D. Kan. Rule 83.7.1.   In the meantime, the plaintiff should go to the court's web page at www.ksd.uscourts.gov, click on the menu icon, select "RULES," and "D. Kan. Local Rules," and consider those rules—specifically Local Rule 83.7.1 at http://ksd.uscourts.gov/index.php/local-rule/rule-83-7-1-review-of-orders-of-administrative-agencies-boards-commissions-and-officers-including-social-security-appeals/.

The court is aware that most attorneys who practice Social Security appeals before this court do not charge a fee for services rendered in a Social Security case unless the

appeal is successful and benefits are ultimately awarded.   In such a case, attorney fees are limited by the Social Security Act to twenty-five percent of past-due benefits. Therefore, it is possible Plaintiff may secure the services of an attorney even after filing his complaint pro se.   Therefore, the court would advise Plaintiff to continue to seek representation in the interim before the Commissioner files his answer along with the administrative record.

**IT IS THEREFORE ORDERED that** Plaintiff's Motion to Appoint Counsel (Doc. 5) is denied without prejudice to refile, after the Commissioner files his answer along with the administrative record in this case.

Dated August 19, 2020, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**