## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **JAYSON MITCHELL ROWAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 20-4041-JWL** |
| **ANDREW M. SAUL,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's third "Motion For Appointment of Counsel." (Doc. 27). Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of a decision of the Commissioner of the Social Security Administration denying disability benefits. (Doc. 1). Plaintiff filed, and the court granted, a Motion for Leave to Proceed In Forma Pauperis. (Docs. 3, 4). Twice previously the court has denied Plaintiff's motions to appoint counsel without prejudice to refile after the Commissioner filed his answer and the administrative record in this case so that the court might then properly weigh the factual issues raised and Plaintiff's ability to investigate those facts. The Commissioner has since file his answer and the administrative record. (Doc. 22, & Attach. 1).

Unlike a criminal case, a party in a civil case has no constitutional right to appointment of counsel.   Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989). Pursuant to 28 U.S.C. § 1915(e), the court may in its discretion appoint counsel in a civil action to represent a person proceeding in forma pauperis who is unable to afford counsel.   See Miller v. Glanz, 948 F.2d 1562, 1572 (10th Cir. 1991); 28 U.S.C. § 1915(e) ("The court may request an attorney to represent any person unable to afford counsel."); see also Ekis v. Comm'r of Soc. Sec., Civ. A. No. 96-2418-JWL, 1996 WL 633850 (D. Kan. Oct. 28, 1996) (applying 28 U.S.C. § 1915(e) in a Social Security case).

In determining whether to appoint counsel, the district court should give careful consideration to all the circumstances, including whether the plaintiff has a colorable claim.   Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004); Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).   As the court in Hill noted, "'The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel.'  McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985).   'Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned.'   Id. at 839" (a prisoner with multiple sclerosis, diminished eyesight, hearing, and ability to communicate who attended court in a wheelchair and needed to present complex medical issues requiring expert opinion should have been appointed counsel).

If the court finds that the plaintiff has a colorable claim, the court should "consider the nature of the factual issues raised in the claims and ability of the plaintiff to

2

investigate the crucial facts."   Rucks, 57 F.3d at 979.   The court should consider the following factors:   (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present her claims, and (4) the complexity of the legal issues raised by the claims.   Id.; Hill, 393 F.3d at 1115; Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991) (citing Maclin v. Freake, 650 F.2d 885, 886 (7th Cir. 1981)).   The court will also consider whether the plaintiff has made a diligent attempt to secure counsel through his own efforts.   Castner v. Colo. Springs Cablevision, 979 F.2d 1417, 1420 (10th Cir. 1992) (applying the rule in a Title VII case pursuant to 42 U.S.C. § 2000e-5(f)(1)).

Plaintiff's claim is not frivolous and is therefore colorable.   Consequently, the court now considers the four factors to decide if appointment of counsel is necessary in the circumstances of this case.   Proceeding to consider the merits of Plaintiff's claim, the court notes that judicial review of a decision of the Commissioner of Social Security is not a determination of whether the decision was "correct" or was supported by the preponderance of the evidence, but whether the Commissioner applied the correct legal standard and whether the record as a whole contains such relevant evidence as a reasonable mind might accept to support the conclusion of the Commissioner.   The court notes that over the course of his three requests for appointment Plaintiff reports he has presented his case to twelve attorneys who have refused to take the case.   (Docs. 5, 11, 27).   The reasons given for refusal vary among not taking Social Security cases, not taking cases on the federal level, finding the case too difficult to win, and not believing

3

the attorney can win the case.   Id.   According to Plaintiff's motions, two attorneys, both of whom apparently handle Social Security cases, stated they did not believe they could win this case, which provides at least some evidence the case has little merit.   The Social Security Act provides that an attorney may seek fees in a Social Security case up to 25 percent of a claimant's past due benefits, thus providing little incentive for an attorney to refuse to handle a meritorious claim.   In a case such as this, that has been proffered to a variety of attorneys including those who have experience prosecuting Social Security cases and have refused to handle the case, it would be unfair to appoint an experienced practitioner who might feel the case has little merit.   A different result might obtain where the claimant is physically or mentally incapable of preparing a brief providing his view of the case and of the errors made by the ALJ.  E.g., McCarthy, 753 F.2d at 839.

As noted above, the factual issue in a Social Security case is whether substantial evidence supports the Commissioner's decision, not whether the decision is "correct" or supported by the preponderance of the evidence.   Moreover, the Commissioner has filed the transcript of the record before the agency with the court and that is the only evidence upon which the court is permitted to make its decision.   42 U.S.C. § 405(g).   All of the relevant facts are within the personal knowledge of Plaintiff and/or are contained within the transcript of record which is in a flash drive provided to Plaintiff and filed in the court's CM/ECF system.   (Doc. 22, p.4).

The court has read Plaintiff's arguments before the court thus far and finds that the mental impairments suggested in the record evidence (depression and adjustment disorder

4

with anxiety) do not appear to have prevented him from presenting his arguments and he is able to present his claims in a comprehensible fashion.   (Docs. 17, 25/26).   Moreover, the legal issues here (whether the Administrative Law Judge (ALJ) applied the correct legal standard, and whether substantial evidence supports the ALJ's findings) are not complex.   Additionally, the court has read Plaintiff's response to the court's Order to Show Cause dated May 18, 2021 and finds he has shown cause and this case shall continue.

**IT IS THEREFORE ORDERED that** Plaintiff's Motion to Appoint Counsel (Doc. 27) is DENIED.

**IT IS FURTHER ORDERED that** Plaintiff has shown cause why this case should continue.

Dated June 9, 2021, at Kansas City, Kansas.


s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**